THE PEOPLE OF THE STATE OF NEW YORK, *ex rel.* H. CLAY HALL, Appellant, *v.* THE PRESIDENT AND THE BOARD OF TRUSTEES OF THE VILLAGE OF LITTLE FALLS, Respond-- ent.

*Supreme Court, Fourth Department, General Term, December* 7, 1889.

*Civil service act.    Mandamus.*—To entitle a person to an appointment or employment, he must be not only an honorably discharged Union sol- dier, but also fit, competent and of sufficient business capacity to perform the duties of the position.   Such determination belongs to the appoint- ing body, is judicial, and cannot be reviewed, reversed or directed by mandamus.

Appeal from order of special term denying writ of *man- damus.*

The relator applied for appointment as village attorney,. claiming to be entitled thereto as an honorably discharged Union soldier, under chap. 464, Laws 1887.   His applica- tion was rejected, and a person appointed who was not a dis- charged soldier.   He then applied for a writ of *mandamus* to compel his appointment.   The respondents claim that they had the right to determine as to his qualifications for the office ; that they in good faith considered that question, and determined it against the relator, and that the court could not review or interfere with such determination.

The court below delivered the following opinion :

WILLIAMS, J.—The statute under which this application is made provides that " honorably discharged Union soldiers and sailors shall be preferred for appointment and employment ; " and that " age, loss of limb, or other physical impairments which do not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the business capacity necessary to discharge the duties of the position involved." The statute, it will be seen, does not provide the person appointed or employed shall be such discharged soldier. The intention of the statute was not to compel the appointment of, but merely to give a preference in such appointment to such discharged soldiers. It is not necessary to trust to implication, because the statute, in express terms, recognizes the principle that the applicant must be competent to perform the duties of the office, as well as be an honorably discharged Union soldier. The trustees, in this instance, had other duties to perform, in connection with the selection of a village attorney, besides merely satisfying themselves he was such discharged soldier. The position was an important one. The person selected needed to have at least fair legal attainments, to be strictly honest, and to have peculiarly good common sense and judgment. All these things would, as to this position, go to make up what the statute designates as " business capacity necessary to discharge the duties of the position involved." The village might suffer very largely, in damages and costs, if the selection of a proper and competent person was not made for this position. The duty of making such a selection is imposed upon the trustees of the village and not upon the court. They have made the selection, and now it is claimed the court should review their decision, and should determine whether they have acted honestly or wisely, or as they should have done. Moreover, the court is asked to set aside their decision, and compel them to perform this duty in a particular way ; that is, by discharging the person appointed and employed as village attorney, and appointing and employing

the relator.  I do not think the court has any such power.
The performance of the duty of determining as to the com-
petency and capacity of the relator for the position was
intrusted to the village trustees, and the writ of *mandamus*
will not lie to review or reverse their decision, or to require
it to be in any particular direction.   In Howland *v.* Eldredge,
43 N. Y. 457, where it was sought by *mandamus* to compel
the assessors to make affidavit that a majority of tax-payers,
etc., had consented to the issue of bonds for railroad pur-
poses, it was held that the court might, by *mandamus*, compel
the assessors to proceed to act, and if, from their determina-
tion, the requisite consents were found to have been given,
then to make the affidavit, but could not compel them to
determine in any particular way and make an affidavit accord-
ing to such enforced determination.   The court says the
universal rule in respect to all subordinate courts and tri-
bunals clothed with the exercise of judgment or discretion
is that they may, by *mandamus*, be compelled to proceed and
determine the matter, but cannot be compelled to decide in
any particular way.   If they could, it would no longer be
their judgment or discretion, but that of the court awarding
the writ.   In People *v.* Common Council, 78 N. Y. 33, where
it was sought to compel the defendant to designate the Troy
Daily Times as official paper of the city, the charter making
it the duty of the defendant to designate newspapers having
the largest circulation in the city, it was held the power
vested in defendant was discretionary, and the writ of *man-
damus* could not be used to review that determination, or
compel the determination in a particular direction.   The
court says: " The office of the writ of *mandamus* is, in gen-
eral, to compel the performance of mere ministerial acts
prescribed by law.   It may also be addressed to subordinate
judicial tribunals, to compel them to exercise their functions,
but never to require them to decide in a particular manner.
It is not, like a writ of error or appeal, a remedy for erroneous
decisions. * * * This principle applies to every case where

the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed. A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by *mandamus*. Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and, though it can be compelled by *mandamus* to determine the fact, it cannot be directed to decide it in a particular way, however clearly it be made to appear what the decision ought to be." In People *v.* Chapin, 103 N. Y. 635, and in People *v.* Same, 104 N. Y. 96, where it was sought to compel the comptroller, by *mandamus*, to act in a particular way, it was held he acted upon evidence before him, determined facts, that he acted judicially, and the writ could not be used against him. The court, in the latter case, says: " The sufficiency of that evidence is not to be reviewed by *mandamus*, nor can the decision of the comptroller, even if wrong, be so rectified. He exercised a jurisdiction which the law intrusted to him. The result complained of was a judicial determination, and the writ does not lie to compel an officer, exercising such functions, to reach any particular decision, or set aside a decision already made." Other cases might be referred to, but these are sufficient to indicate clearly what the law is relating to the office of the writ of *mandamus*, and, under the law as thus laid down, it is quite clear this writ cannot issue for the purpose it is here applied for. There would seem to be no doubt, under the statute in question, that a person, to entitle him to an appointment or employment, must be not only an honorably discharged Union soldier, but also fit, competent and of sufficient business capacity to perform the duties of the position, and whether the relator

possessed these qualifications it was the duty of the trustees to determine ; such determination is judicial, and cannot be reviewed, reversed or directed by *mandamus.* The application will, therefore, be denied, with ten dollars costs of motion. Counsel for defendants will prepare the formal order, submit it to counsel for relator for approval as to form, and to me for signature.

*H. Clay Hall,* appellant in person.

*E. J. Coffeen* and *A. M. Mills,* for respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of WILLIAMS, J., delivered at special term.

MARTIN, P. J., MERWIN and PARKER, JJ., concur.

### NOTE ON "CIVIL SERVICE ACT."

The civil service acts were sustained, in Rogers *v.* Common Coun., etc., 123 N. Y. 173, as against various constitutional objections.

The disqualification under the civil service law applies not only to the individual who has not passed the requisite examination, but also to the city itself. Peck *v.* Belknap, 130 N. Y. 394. It cannot employ or receive into its service a person not eligible under the law. Id.

A special employe of the department of public works, though a veteran, is not entitled to retention after the purpose of his employment terminates. People *ex rel.* Uhrie *v.* Gilroy, 60 Hun, 507.

An honorably discharged veteran cannot be removed from the position of conductor on Brooklyn Bridge without a hearing unless it is waived. People *ex rel.* Murphy *v.* Howell, 37 N. Y. St. Rep. 181.

An army officer on the retired list does not hold a federal office within the meaning of chap. 584 of 1888. People *v.* Duane, 121 N. Y. 367; aff'g 55 Hun, 315.

The appointment of an interpreter to the general sessions in New York city is not governed by the civil service law. Cutugno *v.* Mayor, etc., 58 Super. 567.

The mayor has power to appoint a secretary of the city commission. Kip *v.* City of Buffalo, 123 N. Y. 152.

The health officer of the city of Yonkers is not within chap. 464 of 1887. People *ex rel.* Balch *v.* Mayor, etc., 39 N. Y. St. Rep. 11.

The aqueduct commissioners have no right to suspend an inspector without pay. Emmitt v. Mayor, etc., 128 N. Y. 117.

The discharge of a laborer, unlawful under chap. 464 of 1887, does not deprive him of wages, while necessarily unemployed. Higgins v. Mayor, etc., 60 Hun, 578.

A confidential court messenger is not within chap. 119 of 1888. People ex rel. Thompson v. Ransom, 59 Hun, 624.

The appointing officer must necessarily determine whether the relations of a subordinate with him, are confidential. Id.

A sheriff may discharge, at his pleasure, one who received, in the first instance, most of the fees collected in his office. Matter of Sargent v. Gorman, 60 Hun, 578.

The street superintendent of Rochester is not within chap. 119 of 1888, as amended by chap. 67 of 1890. People ex rel. Rossney v. Armbruster, 59 Hun, 586.

A veteran, employed as a day-laborer, who is discharged by the commissioner of public works, but is reinstated by a mandamus, is entitled to wages for the time work was carried on between this discharge and reinstatement. Sullivan v. Mayor, etc., 60 Hun, 584.

When the relator claimed reinstatement in public employment from which he had been discharged, upon the ground that he was a veteran soldier, and the answering affidavit showed that he gave no notice of his veteran rights until the commencement of legal proceedings many months after the discharge, the denial of peremptory mandamus was sustained. Matter of Shay, 60 Hun, 585. The provision of § 1, chap. 464 of 1887, does not apply to an appointment to a distinct and independent office in a town or city which is not subordinate to any other officer or department. People ex rel. Balch v. Mayor, etc., 39 N. Y. St. Rep. 11.

A mandamus is not an appropriate method to review the action of a county judge in appointing a civilian, instead of a veteran, to office. People ex rel. Ballou v. Wendell, 57 Hun, 362.

The alleged improper appointee is a proper party to any proceeding for his removal. Id.

The statute does not give a veteran the office. Id. See note in 1 Sil. (Ct. of App.) 97.